## McCOLLUM *v.* THE STATE.

A conviction of violation of the prohibition law, in having possession or control of intoxicating liquor, was not authorized by the evidence in this case.

. DECIDED NOVEMBER 15, 1923.

Indictment for possessing liquor; from Cherokee superior court —Judge Blair. August 25, 1923.

The witnesses for the State were a Federal prohibition agent and a deputy sheriff. The former testified: "On the 24th day of January, 1922, in company with Guy Blackwell, deputy sheriff of Cherokee county, I made an investigation at the residence of the defendant, Sam McCollum, with reference to his possession of in-

toxicating whisky. Eighty-six steps from his barn we found two fermenters containing several hundred gallons of still beer, made of corn meal and malt, which had reached the state of fermentation that it was ready for the manufacture of corn whisky by distillation. This beer contained alcohol and was an alcoholic liquor. The place where this beer was found was in Cherokee county. It was located near a small stream below the foot of a little bluff or declivity from the defendant's barn. There were fresh footsteps both to and from this beer leading up to the defendant's barn. There was no evidence of any travel in any other direction except to the defendant's barn. This beer was located in what we call an old field, which had not been cultivated for some years and has been allowed to grow up in small timber. We saw the defendant at his residence, which was about 35 steps from his barn, and talked with him on this occasion. He made no statement to us about having recently moved into this house, and we saw no evidence of his having recently moved. His beds were up, and his furniture adjusted, and there was nothing about the appearance of the premises to indicate that it had only recently been occupied by the defendant. We did not search his residence, but did look through his barn, and found no material used in the operation of a distillery; neither did we find any whisky in his barn. I stepped the distance from this beer to his barn, which was 86 steps of approximately one yard each. We had previously raided and destroyed several distilleries in the immediate vicinity of where the defendant resided at that time." The testimony of the deputy sheriff was substantially the same as that of the preceding witness.

A witness for the defendant testified, that he was the defendant's father-in-law, and that the defendant had just finished moving into the house he was occupying on the day the officers made the raid; that the defendant had rented this farm from the witness for the year 1922 and begun moving into the house some days before the raid was made; that he did not recall that the defendant had spent a night in this house until the raid was made; that the witness had gone over the premises since the officers destroyed the beer, and that the defendant pointed out to him what the defendant said was the place where the beer was destroyed, and the place pointed out was not visible from the barn of the defendant, and, according to the measurement of the witness, it was 280 yards

from the house in which the defendant lived, and that he saw no evidence of travel leading from that place to the defendant's home or barn. The defendant's statement at the trial was as follows: "In 1921 I resided about four miles from the place where I lived at the time the officers made the raid, and had only finished moving into this house the day the raid was made. I had no knowledge of or connection with the ownership of the beer testified to by them. After this raid was made I made an investigation of the premises. The place where the beer was destroyed was not in sight of my barn or house. There were weeds between the location of the beer and my barn. I did not know anything about the beer and had nothing to do with it."

*Thomas E. Latimer, George D. Anderson,* for plaintiff in error.
*John S. Wood, solicitor-general,* contra.

LUKE, J.: McCollum was convicted of violating the prohibition statute. He asks a new trial upon two grounds: (*a*) because the evidence does not authorize the verdict, and (*b*) because of newly discovered evidence. The conviction was dependent wholly upon circumstantial evidence. The evidence, while throwing suspicion of guilt upon the accused, does not meet the requirement of law as to conclusiveness. For the reason that the evidence did not authorize the conviction, it was error for the court to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*